IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MARK LAZZO,

          Plaintiff,

v.                                      Case No. 20-cv-1075-DDC

FRONTIER WEALTH MANAGEMENT,
LLC,

          Defendant.

## **ORDER**

Plaintiff has filed a motion for leave to file three exhibits to his complaint under seal (ECF No. 6). The exhibits are documents containing financial information, including plaintiff's investment preferences and the amount of money plaintiff intended to invest with defendant, including in investments outside the scope of this lawsuit.[1] Because plaintiff does not meet the heavy burden of demonstrating an interest that outweighs the public's presumptive right of access to judicial records, the motion is denied.

To file court records under seal, a party must "overcome a presumption, long supported by courts, that the public has a common-law right of access to judicial records."[2]

---

[1] ECF No. 6.

[2] *Eugene S. v. Horizon Blue Cross Blue Shield*, 663 F.3d 1124, 1135 (10th Cir. 2011); *accord Hatfield v. Price Mgmt. Co.*, No. 04-2563-JWL, 2005 WL 375665, at *1 (D. Kan. Feb. 16, 2005). *See also Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007) (recognizing "courts have long recognized a common-law right of access to judicial records," and citing *Nixon v. Warner Commc'ns*, 435 U.S. 589, 597 (1978)); *United States v. Apperson*, 642 F. App'x 892, 898 (10th Cir. 2016) ("Courts have long recognized a

This right derives from the public's interest "in understanding disputes that are presented to a public forum for resolution" and is intended to "assure that the courts are fairly run and judges are honest."[3] "The overriding concern [is] with preserving the integrity of the law enforcement and judicial processes."[4] To overcome the presumption in favor of open records, "the parties must articulate a real and substantial interest that justifies depriving the public of access to the records that inform our decision-making process."[5] This burden is a "heavy" one.[6]

Plaintiff has not articulated sufficient facts for the court to conclude that its interest in keeping the financial information confidential would overcome the public's right of access to the documents. One of the exhibits is a multiple-choice survey that describes plaintiff's approximate net worth and his investment preferences; the others set forth "the amount of money that plaintiff was to invest with defendant in other investments . . . not necessarily at issue in the lawsuit but is referenced to show plaintiff's investment strategy

---

common-law right of access to judicial records.").

[3] *Crystal Grower's Corp. v. Dobbins*, 616 F.2d 458, 461 (10th Cir. 1980); *accord Booth v. Davis*, Nos. 10-4010-KHV, 10-4011-KHV, 10-4124-KHV, 10-41-4125-KHV, 2016 WL 1170949, at * 1 (D. Kan. March 23, 2016); *Ramirez v. Bravo's Holding Co.*, No. 94-2396, 1996 WL 507238, at *1 (D. Kan. Aug. 22, 1996).

[4] *Apperson*, 642 F. App'x at 899 (quoting *United States v. Hickey*, 767 F.2d 705, 708 (10th Cir. 1985)); *Riker v. Fed. Bureau of Prisons*, 315 F. App'x 752, 754-55 (10th Cir. 2009) (same).

[5] *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1241 (10th Cir. 2012); *Helm v. Kansas*, 656 F.3d 1277, 1292 (10th Cir. 2011); *accord Booth*, 2016 WL 1170949, at *1.

[6] *Helm*, 656 F.3d at 1292–93.

as conveyed to defendant."[7] Plaintiff argues that this information could cause embarrassment and negatively impact his business and social interactions.[8] Specifically, plaintiff argues any lawyers with whom he competes for business would have access to his financial information if they also practice in this court.

Although the Supreme Court has recognized that sealing may be appropriate to keep court files from serving "as sources of business information that might harm a litigant's competitive standing,"[9] the court will not seal its records based on "unsupported hypothesis or conjecture."[10] Rather, the party seeking to seal "must come forward with evidence as to the nature of the public or private harm that would result if [publicly] filed."[11] Plaintiff has not established any competitive harm that will befall him if the exhibits are publicly filed, let alone a significant, non-speculative harm that overcomes the presumption in favor of open records.[12] Although the net worth form offers some personal financial information,

---

[7] ECF No. 6.

[8] *Id.*

[9] *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978).

[10] *Womack v. Delaware Highlands AL Servs. Provider, LLC*, No. 10-2312, 2012 WL 1033384, at *1 (D. Kan. March 27, 2012) (quoting *Carefusion 213, LLC, v. Prof'l Disposables, Inc.*, No. 09-2616, 2010 WL 2653643, at *1 (D. Kan. June 29, 2010)). *See also Alewel*, 2013 WL 6858504, at *5 ("For that matter, it is not enough to justify sealing that disclosure "'may lead to a litigant's embarrassment, incrimination, or exposure to further litigation.'" (internal citation omitted)).

[11] *Womack*, 2012 WL 1033384, at *1 (quoting *Heartland Surgical Specialty Hosp., LLC v. Midwest Div., Inc.*, No. 05-2164, 2007 WL 101858, at *5 (D. Kan. Jan. 10, 2007)).

[12] *See Bryan v. Eichenwald*, 191 F.R.D. 650, 653 (D. Kan. 2000) ("A speculative possibility

it does not include a "blanket exposure of [his] personal finances"[13] like, for example, a personal tax return might. Similarly, the information about plaintiff's investment with defendant is at issue in this case and is likely to be subject to examination.[14] Based on the present record, the court is not persuaded this information is likely to harm plaintiff's competitive standing. Plaintiff's request to seal the documents is therefore denied.

IT IS SO ORDERED.

Dated March 23, 2020, at Kansas City, Kansas.

                                          s/ James P. O'Hara  
                                          James P. O'Hara  
                                          U.S. Magistrate Judge

---

does not justify limiting public access to judicial records.").

[13] *Meyer v. Unum Life Ins. Co. of Am.*, No. 12-1134-KHV-KGG, 2014 WL 791207, at *2 (D. Kan. Feb. 27, 2014) (describing the information as personal financial information "only in the broadest sense").

[14] *Id.*